**Mary Kolodziej, Appellee, v. Metropolitan Life Insurance Company, Appellant.**

**Gen. No. 40,680.**

Opinion filed December 30, 1940.

HOYNE, O'CONNOR & RUBINKAM, of Chicago, for appellant; NATHANIEL RUBINKAM and JOSEPH E. BELL, of Chicago, of counsel.

VINCENT G. GALLAGHER, of Chicago, for appellee.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

This action was brought by Mary Kolodziej, the beneficiary named in a certificate issued by defendant, Metropolitan Life Insurance Company, evidencing the coverage of Paul Kolodziej, husband of said Mary Kolodziej, for life insurance under the terms of a group policy of life insurance also issued by defendant, covering certain employees of the Allied Steel Castings Company. The trial of the case before the court without a jury resulted in a finding and judgment against defendant for $625, from which judgment defendant appeals.

Plaintiff's complaint alleges in substance that she is the widow and beneficiary named in the life insurance certificate issued to Paul Kolodziej; that said Paul Kolodziej was an employee of Allied Steel Castings Company and was insured under its group policy on the date of his death; that on November 9, 1933, she notified defendant in writing that the insured had died on October 14, 1933; and that she made demand on the insurance company for the payment of $500, the face amount of the certificate.

Plaintiff's complaint set forth the certificate of insurance issued by defendant to the insured, the following portions of which are pertinent to this proceeding:

"FORMULA . . .

"Discontinuance of Insurance

"(a) The insurance on any Employee insured hereunder shall cease automatically thirty-one (31) days after the date of the termination of employment of such Employee, except as provided in the second paragraph below.

"Cessation of active work by an Employee shall be deemed to constitute the termination of his employment, except as provided in the next paragraph.

*"In case of the absence of an Employee from active work* on account of sickness or injury, or on account of retirement on pension, or *for not longer than two (2) months on account of* leave of absence or *temporary lay-off, the employment of such Employee may, for the purposes of this Policy, be deemed to continue until terminated by the Employer.* The insurance hereunder on such Employee shall cease thirty-one (31) days after the date of such termination by the Employer, as evidenced to the Company by the Employer, whether by notification or by cessation of premium payment on account of the insurance hereunder of such Employee." (Italics ours.)

Defendant's answer to the complaint admits that plaintiff is the beneficiary named in the certificate issued to Paul Kolodziej under and subject to the terms and conditions of the group policy but denies that Kolodziej was an employee of the Allied Steel Castings Company at the time of his death on October 14, 1933, or for more than 31 days prior thereto. It further denies that the insurance certificate was in force and effect on the day of the death of the insured on October 14, 1933, because of the group policy provision terminating the insurance coverage auto-

matically thirty-one days after the date of the termination of the employee's employment. The answer then avers that the employment of Paul Kolodziej with the Allied Steel Castings Company terminated on September 8, 1933, which was more than 31 days prior to October 14, 1933, the date of the death of insured; that it was notified by the employer, Allied Steel Castings Company, prior to October 14, 1933, that the employment of Paul Kolodziej had terminated in accordance with the provisions of the certificate and the group policy; and that the insurance on said Paul Kolodziej was canceled by defendant pursuant to said notice prior to October 14, 1933.

Defendant's theory as stated in its brief is "that Paul Kolodziej was not in the employ of the Allied Steel Castings Company on October 14, 1933, nor at any time within thirty-one days prior thereto; that the Allied Steel Castings Company notified the defendant insurance company that his employment had terminated on September 8, 1933 and that defendant was instructed to cancel the insurance of Paul Kolodziej thirty-one days after the termination of his employment, or on October 9, 1933. . . . No premium was paid on the certificate after September 8, 1933. The certificate was canceled at the direction of the employer as of October 9, 1933, and no insurance was in force and effect on the date of death of the former insured."

Plaintiff's theory is that "the insured was temporarily laid off by the Allied Steel Castings Company on September 8, 1933; that the temporary layoff did not put him in the classification of a discharged employee and that, therefore, the insurance under the group policy by its terms was in force on the date of his death."

The evidence disclosed that Kolodziej was an employee of Allied Steel Castings Company and that August 8, 1933, a certificate of life insurance for $500

was issued to him in accordance with and pursuant to the terms and provisions of the employer's group policy; that one month thereafter, September 8, 1933, Kolodziej was laid off because the company had no more work for him at that time; that he did not work for Allied Steel Castings Company between that date and October 14, 1933, the date of his death; that on October 4, 1933, the Allied Steel Castings Company forwarded a report to defendant containing the request that the insurance be canceled on certain of its "former employees," including Kolodziej, as of October 9, 1933; that this report set forth that Kolodziej had been discharged by the Allied Steel Castings Company on September 8, 1933; that the premium for one month on the policy of the insured was paid by his employer to the defendant, Kolodziej paying three fifths of said premium by means of a deduction from his salary; and that no further premium was paid on account of the coverage of Paul Kolodziej under the group policy after September 8, 1933; nor prior to his death on October 14, 1933.

Walden F. Dury, an employee of defendant insurance company, testified by deposition that the records of the group policy covering the employees of the Allied Steel Castings Company were kept under his supervision; that in the course of his duties he received notice of discontinuance of individual coverage of employees of the Allied Steel Castings Company under the group policy; that under date of October 4, 1933, he received written notice from the Allied Steel Castings Company advising defendant of the discontinuance of insurance on a number of said Castings Company's employees, the name of each individual employee involved being set forth in the notice; that this notice stated that Kolodziej was discharged from his employment September 8, 1933, and gave that as the reason for the requested cancellation of his insurance; that said notice also stated that the cancel-

lation of the insurance of Kolodziej was to be effective as of October 9, 1933. He further testified that the insurance was canceled by defendant as to Kolodziej on the date requested.

The real question presented for determination is whether the insurance was in force on the date of the death of Paul Kolodziej and that question necessarily involves the further questions as to (1) whether the employment of the insured by the employer was terminated before the death of the insured and (2) whether his insurance was legally canceled prior to his death.

This is not a case where a certificate of insurance under a group policy was issued gratuitously to an employee by his employer. Kolodziej paid three fifths of the premium on the policy and the provision therein for extended insurance constituted a valuable right to him.

In order to determine whether the insurance on the life of Kolodziej was in force October 14, 1933, the date of his death, it is first necessary to determine whether he was discharged from his employment September 8, 1933, or whether he was merely temporarily laid off on that date. If he was discharged on September 8, 1933, his insurance would have continued in force for 31 days after said date or until October 9, 1933. If he was only temporarily laid off on that date, the insurance under his policy was "deemed" to continue in effect for two months unless thereafter during that period the employer saw fit to terminate his employment by discharging him.

As to what actually occurred when the services of Kolodziej were dispensed with by his employer on September 8, 1933, we think that all the evidence in the record on the subject shows clearly and conclusively that he was not discharged on that date but that he suffered a temporary layoff. Elmer J. Skelton, who was the general foreman for the Allied Steel Castings Company and the person in immediate authority

over the insured prior to and on September 8, 1933, testified that he knew Kolodziej in his lifetime; that "I recall knowing him the last two years or so . . . when he worked there . . . the last time;" that he recalled when Kolodziej was "laid off last time;" that "I spoke to him personally about it . . . we had an extra shift that we laid off on account of the work being such as it was, it dropped down;" and that if the work dropped below a certain level some men were laid off until the work was restored.

Joseph Benzing, a timekeeper for the employer, testified that the company had no written records showing that the insured was laid off September 8, 1933, but that it was a fact that he was laid off and that it was also a fact that he was laid off on that date because there was no more work for him at that time.

Mrs. Wanda Kruczek, daughter of the insured, testified that she was shown a written time record by the timekeeper Benzing, and that opposite her father's name on such record appeared the notation "laid-off."

A letter was received in evidence written by John R. Swanson, an accountant employed by Allied Steel Castings Company, to the attorneys for plaintiff, which stated, in part, that Kolodziej "was laid off on September 8, 1933, because we had no more work for him."

Thus the status of the insured on September 8, 1933, as a temporarily laidoff employee was established. That status, carrying with it, as it did, the valuable right to extended insurance, having been established, it surely could not be destroyed or changed to the detriment of the insured or his beneficiary without notice to him, regardless of what might thereafter have transpired between his employer and the insurance company. It is true that under the terms of the policy the employer had the right any time after

September 8, 1933, to change the status of Kolodziej by discharging him, but, in so far as the evidence discloses, it never exercised that right. It is admitted that no notice was given to the insured that he was discharged or that his insurance was canceled subsequent to September 8, 1933, and prior to his death by either the employer or the insurance company, but it is insisted that no such notice to him was necessary. We are unable to agree with defendant's contention in this regard. While it is the rule as to group policies of life insurance that for some purposes the employer in its dealings with the insurance company is considered to be the agent of the employee, it cannot be the law that the employer is such agent when, without the knowledge of the insured employee or notice to him, the employer deals with the insurance company in such a manner as to deprive or to attempt to deprive the employee or his beneficiary of substantial rights under the policy.

Both the group policy and the certificate of insurance contain a ''Formula'' for the ''Discontinuance of Insurance.'' It will be noted that, while in the first paragraph of such ''Formula,'' heretofore set forth, it is stated that ''the insurance on any Employee insured hereunder shall cease automatically thirty-one (31) days after the date of the termination of employment of such Employee' and in the second paragraph thereof it is stated that ''cessation of active work by an Employee shall be deemed to constitute the termination of his employment,'' both paragraphs conclude with a reference to certain exceptions contained in a succeeding paragraph. Included in these exceptions is the following provision: ''In case of the absence of an Employee from active work . . . for not longer than two months on account of . . . temporary layoff, the employment of such Employee may, for the purpose of this Policy, be deemed to continue until terminated by the employer.'' The certificate of

insurance having been in the possession of the insured, it is fair to assume that he read and understood this provision and relied upon it. Under the foregoing exception, considered in the light of the evidence, the status of Kolodziej was fixed on September 8, 1933, as that of an employee temporarily laid off, whose employment was "deemed" to continue for two months unless during that period it was terminated by the employer. There is no evidence in the record that the employer terminated the employer-employee relationship by discharging the insured either on September 8, 1933, or at any time prior to his death. But it is contended that the notice of October 4, 1933, from the employer to the insurance company advising that Kolodziej had been discharged September 8, 1933, was sufficient to authorize defendant to cancel this policy. This policy does provide that at any time during the two month period of a temporary layoff "the insurance . . . on such employee shall cease" 31 days after the date of the termination of the employment by the employer, "as evidenced to the Company by the Employer, whether by notification or by cessation of premium payment on account of the insurance hereunder of such Employee."

However, the notice of October 4, 1933, did not reflect the truth as to the status of the insured when his services were dispensed with on September 8, 1933, and the fact that this notice erroneously stated that Kolodziej was discharged on September 8, 1933, could not be legally effective to show his actual discharge on that date in view of the overwhelming preponderance of the evidence that he was not discharged on that date but temporarily laid off. It follows that if such notice was not effective to terminate the employment of Kolodziej by showing his discharge on September 8, 1933, it was not effective to show that he was discharged on any date between September 8, 1933, and October 14, 1933, the date of his death. Therefore no

proper notification evidencing the termination of the employment of the insured having been given the defendant and his status as a temporarily laidoff employee having continued from September 8, 1933, to October 14, 1933, which was well within the two month temporary layoff period specified in the policy, "the employment" of Kolodziej "may, for the purpose of this policy, be deemed to continue."

It is also contended that defendant had the right to cancel the policy when it did, as of October 9, 1933, because of the "cessation of premium payment on account of the insurance hereunder of such Employee." Cessation of payment of the premium by whom? We have carefully examined both the certificate of insurance issued to Kolodziej and the group policy and find therein no provision specifically covering the payment of premium during a period of temporary layoff. We do find, however, that the group policy provides that "all premiums are payable by the employer" and that "failure of any Employee to make contribution when due, as required by the Employer, to the cost of his insurance hereunder shall be deemed notice to the Employer that his insurance hereunder is to be discontinued." As to the latter provision there is no evidence that the employer "required" or requested the insured to pay any premium during his temporary layoff.

In so far as we have been able to ascertain the precise question presented here has not heretofore been presented to or decided by a court of review in this or any other jurisdiction under comparable facts and similar policy provisions. It would therefore serve no useful purpose to discuss the numerous cases cited in the briefs of the parties.

We are impelled to hold that, under the provisions of both the certificate of insurance issued to Kolodziej and the group policy, the insured, although he had been temporarily laid off September 8, 1933, con-

tinued in the employment of Allied Steel Castings Company until October 14, 1933, the date of his death, that his insurance was in force on that date, and that plaintiff beneficiary is entitled to recover.

For the reasons stated herein the judgment of the superior court is affirmed.

*Judgment affirmed.*

FRIEND, P, J., and SCANLAN, J., concur.