VONDA F. LICHTENBERGER, Plaintiff-Appellant, *v.* THE SUPERIOR OIL COMPANY *et al.*, Defendants-Appellees.

Fifth District   No. 78-476

Opinion filed July 13, 1979.

Robert H. Rath, of Harrisburg, for appellant.

Conger and Elliot, P. C., of Carmi, for appellees.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This is an action brought by the widow of Ralph Lichtenberger against his employer, Superior Oil Company (Superior), and its group insurer, Tennessee Life Insurance Company (Tennessee), for recovery of benefits under a supplemental accidental death and dismemberment

policy. Under the group policy, Superior's employees were covered by life insurance and accidental death benefits insurance. The plaintiff claims that Tennessee owes her benefits for the accidental death of her husband in an automobile accident which occurred on November 28, 1970, the date of her husband's retirement. Tennessee claims that Lichtenberger was not insured for accidental death benefits at the time of the accident, because he had "ceased active work." All parties filed motions for summary judgments supported by affidavits. The plaintiff appeals from the trial court's entry of summary judgment in favor of the defendants. The sole issue presented for review is whether under the terms of the group insurance policy Lichtenberger had ceased actively working for Superior on November 28, 1970.

Ralph Lichtenberger was employed as a carpenter by Superior. He received an hourly wage, rather than a fixed salary, and he normally worked 40 hours per week. The record indicates that Lichtenberger's hours were flexible, and that he frequently took time off between Monday and Friday, completing his 40-hour week on Saturday. In connection with his employment at Superior, Lichtenberger was insured under a group life insurance policy issued by Tennessee. The principal policy had a face value of $15,800 while a supplemental accidental death and dismemberment policy provided for a death benefit of an additional $15,800. These policies contained the following provisions:

> "DEFINITIONS
>
> * * * Employment for insurance purposes terminates when the Employee ceases active work * * *.
>
> * * *
>
> Actively at Work; The term 'actively at work' shall mean, when used with respect to an eligible Employee, an eligible Employee who is not absent from active full time work from illness or personal injury.
>
> * * *
>
> Accidental Death and Dismemberment Insurance shall terminate on the date of retirement."

On November 12, 1970, Lichtenberger delivered the following letter to his supervisor at Superior:

> "Dear Mr. Cole:
>
> Reference is made to my conversation with you on October 21, 1970, in regard to my leaving the Superior Oil Company. At that time I advised you that as soon as a definite date could be established, you would be informed. Therefore, November 28, 1970, will terminate my employment with the Superior Oil Company.

I would appreciate it if retirement money and stock certificates which I have bought in the Savings and Investment Plan, would be available for me at this time.

Thank you for your attention to this matter.

Sincerely,

/s/ Ralph L. Lichtenberger"

Lichtenberger worked a total of 24 hours at Superior from November 23 through November 25, 1970. He did not report to work on Thursday or Friday, November 26 and 27, as these were Superior holidays. Lichtenberger died in an automobile accident in the early morning of Saturday, November 28, 1970.

The Superior holiday plan provided that:

"Employees * * * who terminate employment the day before a holiday is observed, will not be paid for the holiday."

Lichtenberger's pay stub for the month of November 1970 reflects that he remained on the Superior payroll until November 30, and that he was paid for the November 26 and 27 holidays. His contribution to the premiums on the Tennessee policies were deducted in full for the month of November.

The plaintiff made a timely and sufficient claim to Tennessee as beneficiary of the principal policy and the supplemental accidental death and dismemberment policy. Under a provision of the conversion option of the principal policy, which allowed the beneficiary of the policy to collect the policy benefits if the insured died within 31 days of termination of his employment, Tennessee tendered $15,800 to the plaintiff. However, Tennessee denied liability under the supplemental accidental death and dismemberment policy, asserting that Lichtenberger had ceased active work for Superior on Wednesday, November 25, 1970, and that the accidental death and dismemberment coverage was not in effect at the time of his death.

Tennessee asserts that Lichtenberger's letter of resignation is the only evidence that his termination date was to be November 28, 1970, and that Superior did not formally accept this termination date. In view of the above-quoted section of Superior's holiday plan, and of Superior's payment of Lichtenberger for the two-day holiday preceding November 28, we conclude that Superior did not consider Lichtenberger terminated until at least November 28, 1970. If Lichtenberger's employment had actually terminated on November 25, Superior would not have compensated him for the November 26 and 27 holidays.

Tennessee contends that under the policy language of "ceases active work," Lichtenberger's employment terminated on his last day of actual work at Superior, i.e., November 25. However, this construction of the

policy language considers the "ceases active work" clause in isolation. Provisions of an insurance policy must be read together and the policy must be construed as an integrated whole. (*Kolodziej v. Metropolitan Life Insurance Co.*, 307 Ill. App. 657, 30 N.E.2d 916.) Reading the policy as a whole, we believe that Lichtenberger was insured under the supplemental accidental death and dismemberment policy.

> "A group insurance policy, in general, must be given a reasonable construction so as to effectuate the purpose for which it was made, and, like other insurance contracts, its language, if ambiguous or uncertain, is to be construed in favor of the insured. Whether or not there is ambiguity in a provision limiting coverage to 'active' employees or to persons 'working actively in the conduct of the business,' or in similar provisions containing the words 'active' or 'actively,' depends upon the specific wording of the clause being construed, the wording of any explanatory or qualifying clause, and the circumstances of the allegedly insured individual's employment with the group policyholder." (Annot., 58 A.L.R. 3d 993, 996-97. (1974).)

The policy's only attempt to define the phrase "active work" limits the definition to "not absent from full time work from illness or personal injury." The "ceases active work" clause in the policy is modified by the clause defining active work. It is clear from the record that Lichtenberger was not absent from full time work because of illness or personal injury. Including the holiday hours for which he was paid by Superior, Lichtenberger had completed a 40-hour work week in his usual Monday through Saturday period. Neither Superior nor Tennessee claimed that Lichtenberger could not have been assigned duties on November 28, 1970, but only that he was not.

Perhaps more significant, Lichtenberger had no reason to believe that his status as an active employee with Superior would change in any way prior to November 28. Lichtenberger's letter of resignation dated November 12, 1970, expressed his clear intention to resign effective November 28. Superior admits that Lichtenberger's supervisor did not notify Lichtenberger that his proposed termination date was not agreeable. There is no dispute that Lichtenberger's employment with Superior was to terminate as a result of his voluntary act of advising his employer that he intended to terminate his employment on a date certain. There is also no dispute that the date he chose to end his employment status was November 28, 1970. When these factors are considered in conjunction with Superior's apparent acceptance of this date, with its payment to Lichtenberger for the full five-day week, and with its full payroll deductions for group life insurance and accidental death and

dismemberment insurance, we believe that Lichtenberger's employment had not terminated before November 28, 1970.

Plaintiff concedes that the summary judgment in favor of Superior Oil Company should stand. Both plaintiff and Tennessee filed motions for summary judgment in the trial court and both agree that the facts in this case are undisputed.

For the foregoing reasons the judgment in favor of Superior is affirmed. The judgment in favor of Tennessee is reversed and this case is remanded to the trial court with directions to enter judgment in favor of plaintiff and against Tennessee.

Affirmed in part; reversed in part; remanded with directions.

KARNS and KASSERMAN, JJ., concur.